UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN KOST,<br><br>    Plaintiff,<br><br>    v.<br><br>AVON PRODUCTS, INC.,<br><br>    Defendant. | No. 3:11-cv-00914 (MPS) |

**RULING AND ORDER**

Plaintiff Kathleen Kost brings this products liability action, alleging violations of the Connecticut Products Liability Act ("CPLA"), Conn. Gen. Stat. § 52-572m, *et seq*. Specifically, Plaintiff alleges that she suffered injuries as a result of her use of two defective skin cream products manufactured by Defendant Avon Products, Inc. The Defendant has moved for summary judgment. For the reasons discussed below, the Court GRANTS Defendant's motion.

**I.    Background**

   **A.    Factual Background**

The parties do not dispute the facts underlying this action. Plaintiff purchased two Avon skin cream products, the "Anew Ultimate Contouring Eye System" and "Anew Ultimate Age Repair Elixir." Plaintiff used the products as directed, and after a few days, she developed a skin irritation in the places where she applied the products. Plaintiff discontinued use of the products, but the skin irritation persisted, so she sought medical attention. Plaintiff was treated by two dermatologists, one of whom prescribed a cream to put on her face. The condition gradually improved, and within a year from when it started, the condition had completely cleared up. (*See* Def.'s Local Rule 56(a)(1) Statement at ¶¶ 3-7 [Dkt. #21]; Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 3 (hereinafter "Pl.'s Brief") [Dkt. # 25].)

On May 6, 2011, Plaintiff commenced this action in Connecticut Superior Court[1] asserting a claim under the CPLA for strict liability, failure to warn, misrepresentation, nondisclosure, negligence, and breach of express warranty. (Compl. ¶ 10 [Dkt. # 1].) Plaintiff contends that the two skin creams she purchased from Defendant were defective and that these defective products caused her to be injured. (*Id.*)

Specifically, Plaintiff alleges that the skin cream products were "defective and unreasonably dangerous and could not be used without unreasonable risk of injury to the plaintiff," and that Defendant misrepresented that they were safe. (Compl. ¶ 10(a) and (d).) Further, Plaintiff alleges that Defendant failed to properly disclose or warn of "the dangerous propensities of the products." (*Id.* ¶ 10(b) and (e).) To the extent that warnings were given, they were "inadequate and failed to provide sufficient notice to the plaintiff" that the products were dangerous. (*Id*. ¶ 10(c).) Plaintiff also alleges that Defendant was negligent in its testing, design, manufacture, and distribution of the products. (*Id*. ¶ 10(f).)

As a result of Defendant's alleged breach of express warranty with respect to the skin cream products, Plaintiff alleges that has she suffered permanent injuries, including skin redness and irritation, cysts and acne breakouts, the appearance of Milia, scarring, pain, mental distress, and humiliation and embarrassment. (*Id.* ¶ 11-12.) Additionally, Plaintiff alleges that she has incurred, and will incur in the future, medical expenses to treat her injuries. (*Id.* ¶ 13.)

B.     **Procedural Background**

On June 12, 2012, Defendant moved for summary judgment. Defendant argued that it was entitled to judgment as a matter of law because expert testimony is required to establish defect and causation, and Plaintiff failed to disclose an expert to support her contentions that the

---

[1] Defendant removed the action to this Court on June 6, 2011. (*See* Notice of Removal [Dkt. # 1].)

products at issue (1) were defective and (2) caused her alleged injuries. (Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 1 [Dkt. #20].) Plaintiff opposed summary judgment arguing that, in this case, expert testimony is unnecessary to establish defect or causation. (Pl.'s Br. at 2-3) Plaintiff also stated that she was "prepared to disclose expert testimony if this Court allows her the additional time to do so and if this Court deems such disclosure necessary to proceed." (*Id.* at 2.)

On November 20, 2012, the Court (Underhill, J.) heard argument on Defendant's Motion for Summary Judgment. At the conclusion of that hearing, the Court stated that its inclination would be to grant summary judgment in the absence of any expert testimony. (Nov. 20, 2012 Hr'g Tr. at 9.) Rather than grant summary judgment at that time, however, the Court took Defendant's Motion under advisement and agreed to provide Plaintiff 60 days to disclose an expert. (*See id.* at 10; Nov. 27, 2012 Order [Doc. # 28].) The Court also explained that if Plaintiff did not disclose an expert, it would probably grant the summary judgment motion. (Nov. 20, 2012 Hr'g Tr. at 11.)

On January 25, 2013, Plaintiff moved for an extension of time up to and including February 25, 2013 to disclose an expert. (Mot. for Ext. of Time [Doc. # 30].) The Court granted Plaintiff's Motion. (Jan. 28, 2013 Order [Doc. # 31].) On February 26, 2013, Defendant renewed its Motion for Summary Judgment[2] on the basis that Plaintiff failed to disclose an expert by the deadline set forth in this Court's January 28, 2013 Order. (Renewed Mot. for Summ. J. at 2.) Plaintiff's deadline to file a response to Defendant's Renewed Motion for Summary Judgment was March 19, 2013. To date, no response has been filed.

---

[2] Defendant's Renewed Motion for Summary Judgment incorporates the arguments set forth in Defendant's initial Motion for Summary Judgment. (Def.'s Renewed Mot. for Summ. J. at 2 [Doc. # 32].)

3

**II.     Discussion**

Plaintiff's brings her products liability action under the CPLA, which "provides the exclusive remedy against a seller of a defective product." *Sylvan R. Shemitz Designs, Inc. v. Newark Corp.*, 291 Conn. 224, 231 (2009); *see also* Conn. Gen. Stat. § 52-572m(b) (noting that the CPLA covers "all claims or actions brought for personal injury … caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of any product.")

To establish a claim under the CPLA, "the plaintiff must prove that: (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition." *Metro. Prop. & Cas. Ins. Co. v. Deere & Co.*, 302 Conn. 123, 131 (2011). The Court need address only the second element of the claim here.

"A product is defective when it is unreasonably dangerous to the consumer or user." *Battistoni v. Weatherking Prods, Inc..*, 41 Conn. App. 555, 562 (1996).  "[A] product's defectiveness is to be determined by the expectations of an ordinary consumer…" *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 219 (1997).  "Although it is true that an ordinary consumer may, under certain circumstances, be able to form expectations as to the safety of a product, we nonetheless consistently have held that expert testimony is required when the question involved goes beyond the field of ordinary knowledge and experience of judges and jurors." *White v. Mazda Motor of Am., Inc.*, 139 Conn. App. 39, 49 (Conn. App. Ct. 2012) (internal citations omitted); *see also Metro. Prop & Cas. Ins. Co.*, 302 Conn. at 141 ("If lay

witnesses and common experience are not sufficient to remove the case from the realm of speculation, the plaintiff will need to present expert testimony to establish a prima facie case.")

The Court finds that whether a particular skin cream is unreasonably dangerous, i.e., whether it would meet the ordinary consumer's expectations is beyond the field of ordinary knowledge and experience of judges and jurors.  In particular, there is no evidence in the record as to whether the skin creams here would have been unreasonably dangerous to the *ordinary* consumer – as opposed to the Plaintiff –, because there has been no evidence offered to show the chemical components of Defendant's skin creams, whether they included common irritants, the effects ordinarily produced by those chemical components.  Such a showing would require expert testimony.

In a factually similar case, the California Appellate Court for the Third Appellate District upheld dismissal of a products liability claim where the plaintiff failed to offer expert testimony to show that a face cream was defective.  *See Unde v. L'Oreal USA, Inc.*, No. C043002, 2004 Cal. App. Unpub. LEXIS 3193, *17-18 (Cal. Ct. App. 2004).  The trial court had held that "the chemical nature of the product [was] beyond the knowledge of a layperson, and thus require[ed] expert testimony to establish defect and causation."  *Id.* at *7.  Because the plaintiff had failed to offer expert testimony "regarding the cream's ingredients or any effects of the cream," the trial court had dismissed the products liability claim.  The California Appellate Court agreed that defective skin cream is outside an ordinary consumer's common knowledge and affirmed the dismissal.  *Id.* at *17.

While Connecticut state courts have permitted plaintiffs to establish defect without expert testimony in certain cases, the defects at issue in those cases were clearly within the knowledge and experience of ordinary consumers.  *See, e.g.*, *DeBartolo v. Daimler Chrysler Corp.*, No.

X10NNHCV030482725S (CLD), 2005 Conn. Super. LEXIS 3579, *13-14 (Conn. Super. Ct. Dec. 22, 2005) (not requiring expert testimony to establish defect in an airbag that did not deploy because a juror knows from common experience that an air bag is supposed to deploy when a moderate frontal impact occurs); *Liberty Mut. Ins. Co. v. Sears, Roebuck & Co.*, 35 Conn. Supp. 687, 691 (Conn. Super. Ct. 1979) (not requiring expert testimony to establish defect in a television that caught on fire because jurors know "from common experience that television sets, in normal use, do not self-ignite"). The alleged defect in this case is not so obvious. As reflected by the holding in *L'Oreal*, the chemical composition of a skin cream, its ingredients, and its effects fall outside the field of knowledge and experience of judges and jurors. Accordingly, expert testimony is necessary to establish a prima facie case under the CPLA.

Moreover, "where the issue concerns a product's design … it would seem that expert opinion is the only available method to establish defectiveness, at least where the design is not patently defective." *Lisella v. Ford Motor Co.*, No. 3:97-cv-2001 (DJS), 1999 U.S. Dist. LEXIS 23321, *7-8 (D. Conn. Oct. 26, 1999) (internal quotation omitted). Plaintiff alleges that "defendant designed said product in a defective manner," but Plaintiff has not introduced any evidence to support a finding that either product is "patently defective." (Compl. ¶ 10(f).) Again, Plaintiff must introduce expert testimony to establish her claim.

Because expert testimony is necessary to establish the essential element of product defect in this case, and because Plaintiff has failed to disclose an expert,[3] she is unable to establish a claim under the CPLA. *See Walters v. Howmedica Osteonics Corp.*, 676 F. Supp. 2d 44, 51 (D.

---

[3] Because Plaintiff has not filed any opposition to Defendant's Renewed Motion for Summary Judgment, the Court must accept as true Defendant's representation that Plaintiff has failed to disclose an expert. *See Simjian v. Bayer Corp.*, No. 3:10-cv-1263 (RNC), 2012 U.S. Dist. LEXIS 50198, *2 (D. Conn. Apr. 10, 2012) (holding that "[I]n the absence of opposition, however, defendant's statement … that plaintiff lacks expert testimony on the issue of causation is deemed to be true.")

Conn. 2009) ("On account of Walters' failure to proffer any testimony that would allow a jury to conclude that the Howmedica tray was 'unreasonably dangerous,' there is no material issue of fact, and Howmedica is entitled to summary judgment….")

### III. Conclusion

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Summary Judgment and Renewed Motion for Summary Judgment.  The Clerk is directed to close this case.

IT IS SO ORDERED.

   /s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
             April 5, 2013